## Federal Chemical Company v. Adams.

(Decided May 9, 1913.)

### Appeal from Crittenden Circuit Court.

1. Pleading—Petition—Test of Sufficiency.—The general rule by which the sufficiency of a petition, under the Code, is to be tested, is whether the petition informs the defendant of the nature of the demand so that he may not be misled in the preparation of his defense.

2. Pleading—Sufficiency of Petition.—If a petition states facts which entitle the plaintiff to any relief, it is sufficient even though it contains a demand for relief to which plaintiff is not entitled, and, if sufficient facts are stated to make a cause of action, the pleading is not vitiated by the further averment of legal conclusions respecting the effect of the facts alleged.

A. C. and V. Y. MOORE for appellant.

L. H. JAMES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The Federal Chemical Company brought this action against the appellee W. L. Adams, to recover a balance of $578.54 claimed to be due it for fertilizers sold to Adams during the years 1904 to 1909 inclusive. The defendant answered, setting up several defenses; and upon a demurrer having been filed to the answer, the circuit judge carried the demurrer back and sustained it to the petition. The plaintiff stood by its petition, whereupon it was dismissed; and from that judgment the plaintiff prosecutes this appeal.

The only question before us, therefore, is the sufficiency of the petition. The petition alleges that on July 1, 1905, Adams, as selling agent for the plaintiff, had on hand fertilizers theretofore furnished to him by the plaintiff amounting to the sum of $857.78, and that at the same time he owed the plaintiff a balance of $7.27 for goods delivered during the Fall season of 1904, making a total balance of $865.05 then due the plaintiff.

New contracts were made for the years 1905 and 1906, under which the appellant sold the appellee other fertilizers of the agreed value of $385.25, which, when added to the former balance of $865.05 for the year 1905, made a total indebtedness of $1,250.30.

The petition further shows that the defendant paid plaintiff the sum of $671.76 during 1905 and 1906, for which it gives the appellee credit, leaving a balance of $578.54, for which judgment is asked.

The circuit judge sustained the demurrer to the petition upon the theory that the credits allowed under the written contracts of 1905 and 1906 show that the obligations arising thereunder had been more than satisfied by the credits of $671.76; that the contracts for 1905 and 1906 have no reference to any indebtedness to plaintiff which was created independently of those contracts, and that the petition states no cause of action, upon account, for any sum due for goods sold in the year 1904. In this respect, however, we think the circuit judge was clearly in error, since the contract of 1905 contains this express provision: "Any additional goods that you may ship to me between this time and December 1, 1905, *or such of your goods as may remain in my hands from a previous settlement, shall be settled for at the prices herein given, and be subject to the terms and conditions hereof.*"

The petition specifically sets up said provision of the contract of 1905 by alleging that, "it was further agreed

in said contract that any additional goods that plaintiff might ship between July 13, 1905, and December 1, 1905, or *such of plaintiff's goods as might remain in defendant's hands from a previous settlement,* should be settled for at the prices therein given, and be subject to the terms and conditions thereof; that there was in the hands of defendant at the time of the making of said contract, from a previous settlement, goods of plaintiff amounting to the sum of $865.05.''

The circuit judge treated the petition as though that part of it which set up the unpaid balance of $865.05 due July 1, 1905, declared upon a separate cause of action, and did not state a cause of action.

By the ancient common law the original writ appropriate to the cause of action was first sued out, and the declaration was afterward filed; and this course was also permitted at law by the former practice in this State. Section 39 of the Code of Practice provides, however, that an action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action; while section 90 provides that a petition must state facts which constitute a cause of action, in favor of the plaintiff against the defendant.

In 31 Cyc, 101, the general rule by which the sufficiency of a petition under our reformed method of pleading is to be tested, is stated as follows:

''The test of sufficiency frequently applied is whether the declaration informs defendant of the nature of the demand so that he may not be misled in the preparation of his defense. If it does this it is sufficient, although inartificially drawn. If facts are alleged which entitle plaintiff to any relief in the court where the action is commenced, the pleading will be held to state a cause of action, even though the pleading contains a demand for relief to which plaintiff is not entitled. And if sufficient facts are stated to make a good cause of action, the pleading is not vitiated by the further averment of legal conclusions respecting the effect of the facts alleged. Vagueness, uncertainty, or other formal defects will not be deemed fatal under rules permitting liberal interpretation if a good cause of action can be gathered from the pleading.''

In the case at bar the effect of the petition is that on July 1st, the defendant owed the plaintiff $865.05 for goods sold and delivered by the plaintiff to the defendant; that in the subsequent contract of 1905 defendant

expressly promised to pay for any goods which remained in the defendant's hands upon any previous settlement; and that there remained in defendant's hands from a previous settlement goods amounting to $865.05, which includes the amount sued for. This was an express allegation of indebtedness, with a promise by defendant to pay it, and stated a cause of action. If it was not sufficiently specific, the defendant had the right to call for a bill of particulars showing the items; but as he did not do this, but waived that right by answering to the merits, he thereby treated the petition as sufficiently definite to inform him of the nature of the demand against him.

We are of opinion the circuit court erred in sustaining the demurrer to the petition.

Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the petition, and for further proceedings.